**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JASON KUBAT,

Civil No. 25-3478 (JRT/DJF)

Plaintiff,

v.

POMP'S TIRE SERVICE, INC.,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant.

Brian P. Stanley, **RWI LAW, PLLC**, 60 South Sixth Street, Suite 2800, Minneapolis, MN 55402, for Plaintiff.

Ellen Anne Brinkman, Madison E.L. Hanson, **GORDON REES SCULLY MANSUKHANI, LLP**, 80 South Eighth Street, Suite 3850, Minneapolis, MN 55402, for Defendant.

Jason Kubat worked for Pomp's Tire Service, Inc. ("Pomp's Tire") until he was discharged for failing a drug test administered as part of the application process for a second job with a different employer. Kubat now brings this case, alleging that Pomp's Tire violated the Minnesota Drug and Alcohol Testing in the Workplace Act by discharging Kubat for a failed drug test without providing him with the opportunity to take a confirmatory retest or to seek rehabilitation. Kubat also alleges that Pomp's Tire violated the same Act in retaliating against Kubat for asserting his rights under the statute, as well as for failing to follow proper procedures for the drug tests it administered to Kubat.

Pomp's Tire moves to dismiss Kubat's entire Complaint.  Because Kubat alleges facts sufficient to support each of his claims, the Court will deny Pomp's Tire's Motion to Dismiss.

**BACKGROUND**

### I.    FACTS

Kubat alleges the following facts in his Complaint.  (Not. Removal, Ex. 1 ("Compl."), Sept. 3, 2025, Docket No. 1-1.)  Kubat worked in sales for Pomp's Tire.  (Compl. ¶ 6.)  One of Kubat's job duties was operating a pickup truck that had a "gross vehicle weight rating" of 10,000 pounds.  (*Id.* ¶ 7.)  Kubat holds a Commercial Driver's License ("Commercial License"), however, Kubat's "job duties [for Pomp's Tire] did not require him to use [it]." (*Id.* ¶ 8.)

On or around January 2025, Kubat applied for a second job as a truck driver with another employer.  (*Id.* ¶ 9.)  Kubat's potential second employer requested a drug test, which Kubat failed.  (*Id.* ¶ 10–11.)

Kubat "voluntarily informed [Pomp's Tire] of the failed drug test."  (*Id.* ¶ 12.) Pomp's Tire terminated Kubat's employment "based on the failed drug test."  (*Id.* ¶ 13.) Kubat alleges that Pomp's Tire neither "provid[ed] [Kubat] the option of confirmatory drug retest as required by Minnesota's Drug and Alcohol Testing in the Workplace Act," nor "offer[ed] [Kubat] an opportunity to seek treatment or rehabilitation as required by" the same law.  (*Id.* ¶ 13.)  Pomp's Tire "did not administer the drug test," but nevertheless "relied on its result in taking adverse employment action against [Kubat]."  (*Id.* ¶ 14.)

-2-

Kubat alleges in his Complaint that "[Pomp's Tire] was not subject to federal drug testing regulations under 49 C.F.R. Part 382," because "[Kubat's] job duties did not require him to operate a commercial motor vehicle . . . requiring a [Commercial License]" and "the vehicle [Kubat] drove for [Pomp's Tire] did not meet the definition of a commercial motor vehicle . . . contained in 49 C.F.R. § 383.5, which triggers mandatory drug testing." (Compl. ¶ 15.)[1]

## II.    PROCEDURAL HISTORY

Kubat initiated this case in state court on August 6, 2025. (Compl. at 1.) He brought three claims against Pomp's Tire, each for violations of the Minnesota Drug and Alcohol Testing in the Workplace Act (hereinafter the "Drug Testing Act"), Minn. Stat. § 181.951 et seq.  First, Kubat alleges that Pomp's Tire violated Minn. Stat. § 181.953 by discharging Kubat without first providing the opportunity to take a confirmatory retest or seek rehabilitative counseling.  Second, Kubat alleges that Pomp's Tire violated Minn. Stat. § 181.956 by retaliating against Kubat for asserting his rights under the Drug Testing Act. Third, Kubat alleges that Pomp's Tire violated Minn. Stat. § 181.952–953 by failing to abide by the required procedures under the Drug Testing Act in administering previous

---

[1] The requirements of Minnesota's Drug and Alcohol Testing in the Workplace Act do not apply to employers "required to comply with the alcohol and controlled substances testing requirements of Code of Federal Regulations, title 49, part 219, 382, or 655."  *See* Minn. Stat. § 221.031, subd. 10.

drug tests.  As relief, Kubat seeks reinstatement to his former position, backpay and lost wages, compensatory damages, and attorney's fees.  (Compl. at 6.)

Pomp's Tire removed this case to federal court and now moves to dismiss Kubat's Complaint in its entirety.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor.  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

-4-

At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

## II.   ANALYSIS

Pomp's Tire seeks dismissal of each of the three counts in Kubat's Complaint.  The Court will deny the motion as to each count.

### A.   Count 1: Violations of Minnesota Drug and Alcohol Testing in the Workplace Act

Kubat alleges that Pomp's Tire violated the Drug Testing Act, specifically Minn. Stat. § 181.953, subd. 10, when it terminated Kubat "without providing a confirmatory drug test or offering an opportunity for rehabilitation."  (Compl. ¶ 19.)

Minnesota Statutes section 181.953, subdivision 10, states in relevant part:

> (a) An employer **may not discharge**, discipline, discriminate against, or request or require rehabilitation of **an employee** on the basis of a positive test result **from an initial screening test that has not been verified by a confirmatory test** . . . .
>
> (b) . . . [A]n **employer may not discharge an employee** for whom a positive test result on a confirmatory test was the first such result for the employee on a drug or alcohol test or cannabis test requested by the employer **unless** . . . (1) the employer has **first given the employee an opportunity to participate in**, at the employee's own expense or pursuant to coverage under an employee benefit plan, either a drug, alcohol, or cannabis counseling or **rehabilitation program . . .** and (2) the employee has either refused to participate in the counseling or rehabilitation program . . . .

(Emphasis added).

Pomp's Tire makes two primary arguments for dismissal of Count 1—one relying on its interpretation of the text of the Drug Testing Act, and one contending that federal regulations exempt it from complying with the Drug Testing Act.

Neither theory prevails at this stage.

### 1.    Interpretation of the Drug Testing Act

Section 181.951, subdivision 1, within the Drug Testing Act requires "an employer who requests or requires an employee or job applicant to undergo drug or alcohol testing," to follow certain protocols set out in §§ 181.952 and 181.953, subds. 1 and 5. Pomp's Tire argues that because it did not "request[] or require[]" the drug test Kubat failed, Kubat did not enjoy the protections from discharge established in § 181.953, subd. 10—and that therefore, Pomp's Tire did not violate the statute by discharging Kubat without providing the opportunity for a retest or rehabilitation.

However, it is not clear from the text of the Drug Testing Act that an employer may discharge an employee for a failed drug test without complying with § 181.953, subd. 10, simply because the test was administered by a different entity.  Section 181.953, subdivision 10, states simply that, "[a]n employer may not discharge, discipline, [or] discriminate against . . . an employee **on the basis of a positive test result from an initial screening test** that has not been verified by a confirmatory retest," (emphasis added), and unless "the employer has first given the employee an opportunity to participate in . . . [a] counseling or rehabilitation program."  These protections are not among the protocols specifically referenced in § 181.951, subd. 1, in conjunction with the "request[] or

require[]" language—and § 181.953, subd. 10, itself does not expressly state that the employer terminating the employee must have been the source of the original source of the failed test.[2]

Importantly, neither party has identified any binding or persuasive authority regarding whether these protections apply when an employer fires an employee for failing a drug test administered by a different employer.  Because the Court finds Kubat's construction of the statute to support a claim for relief that is, at a minimum, plausible, the Court will deny Pomp's Tire motion to dismiss based on its interpretation of the Drug Testing Act.

### 2.    Preemption

Second, Pomp's Tire argues that the requirements of Minnesota's Drug Testing Act are preempted by federal regulations in this case and did not bind Pomp's Tire's conduct in discharging Kubat.  It is true that "an employer who is required to comply with the mandatory federal testing requirements of 49 C.F.R. Part 382, and who does comply, 'is exempt' from [the Drug Testing Act]."  *Belde v. Ferguson Enters., Inc.*, 460 F.3d 976, 978 (8th Cir. 2006).

---

[2] The Minnesota Supreme Court has held that "statutes which are remedial in nature are entitled to a liberal construction, in favor of the remedy provided by law, or in favor of those entitled to the benefits of the statute."  *Hansen v. Robert Half Intern., Inc.*, 813 N.W.2d 906, 916 (Minn. 2012) (citation omitted).

However, the Court concludes that Kubat's Complaint—the primary focus of the Court's inquiry at the motion to dismiss stage—does not include enough facts to determine whether federal regulations displaced Pomp's Tire's obligation to comply with Minnesota's Drug Testing Act in this case.  For example, Kubat's Complaint does not contain sufficient information regarding his status as a "safety sensitive" employee while working for Pomp's Tire, or pertaining to the revocation of Kubat's Commercial License, for the Court to decide as a matter of law that Pomp's Tire was exempt from abiding by the Drug Testing Act.  Accordingly, at this stage, the Court will deny Pomp's Tire's motion insofar as it alleges that its obligations under the Drug Testing Act were preempted by federal law.

For these reasons, the Court will deny Pomp's Tire motion to dismiss as to Count 1 of Kubat's Complaint.

### B.    Count 2: Retaliation in Violation of the Minnesota Drug and Alcohol Testing in the Workplace Act

Count 2 of Kubat's Complaint alleges that Pomp's Tire violated the Drug Testing Act's requirement that "[a]n employer shall not discharge . . . an employee for asserting rights and remedies provided in sections 181.950 to 181.954."  Minn. Stat. § 181.956, subd. 5.  Pomp's Tire argues that Kubat does not allege facts sufficient to state a claim that he asserted his rights under the Drug Testing Act.

Kubat expressly alleges that he "assert[ed] his [Drug Testing Act] rights to [Pomp's Tire], including the right to seek counseling or rehabilitation in lieu of termination,"

(Compl. ¶ 24), and then was discharged.  Kubat's allegations, while thin, are sufficient to state a plausible claim for relief.  The Court will therefore deny Pomp's Tire motion to dismiss as to Count 2.

### C.      Count 3: Procedural Violations of the Minnesota Drug and Alcohol Testing in the Workplace Act

Count 3 of Kubat's Complaint alleges that Pomp's Tire failed to follow required procedures under the Drug Testing Act in administering previous drug tests during Kubat's employment.

Under the Drug Testing Act, an employer that conducts drug tests must establish a written policy informing employees of certain information pertaining to those tests, such as the employees subject to testing, "the circumstances under which . . . testing may be requested or required," and "the right of an employee . . . to refuse to undergo . . . testing and the consequences of refusal[.]"  Minn. Stat. § 181.952, subd. 1.  Moreover, § 181.953, subd. 7, requires employers to inform, in writing, employees of the results of their drug or alcohol tests.

Kubat alleges that Pomp's Tire's written drug testing policy failed to include the information required by § 181.953, and that "[o]n at least one prior occasion during [Kubat's] employment, [Pomp's Tire] conducted drug or alcohol testing without providing [Kubat] of written notice of the results of those tests, in violation of Minn. Stat. § 181.953, subd. 7."  (Compl. ¶ 34.)

While it may ultimately be determined that Kubat's claim in Count 3 is not sufficiently tied to the facts giving rise to Counts 1 and 2 to be maintained in the same case, the Court concludes that, at this stage, Kubat has alleged facts sufficient to state a plausible claim that Pomp's Tire drug-testing procedures did not comply with the Drug Testing Act. Accordingly, the Court will deny the motion to dismiss as to Count 3.

## CONCLUSION

Because Kubat's Complaint alleges facts sufficient to support each of his claims, the Court will deny Pomp's Tire Motion to Dismiss.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Pomp's Tire Service, Inc.'s Motion to Dismiss (Docket No. [6]) is **DENIED.**

DATED: May 19, 2026                                     \_\_\_\_\_/s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                 United States District Judge